**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000878
10-FEB-2020
11:51 AM**

NO. CAAP-18-0000878

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ERIC M. STROEVE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PC121000215(1))

AMENDED SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Eric M. Stroeve (**Stroeve**)[1] appeals

from the October 25, 2018 Amended Order of Resentencing;

Revocation of Probation (**Third Resentencing Order**) entered

against him and in favor of Plaintiff-Appellee the State of

Hawai'i (**State**) in the Circuit Court of the Second Circuit

(**Circuit Court**).[2]

After Stroeve entered a no contest plea pursuant to a

plea agreement, the Circuit Court entered a Judgment Conviction

---

[1]     Stroeve has been self-represented during the relevant phase of
these proceedings, but has had assistance available from court-appointed
standby counsel.

[2]     The Honorable Rhonda I.L. Loo presided.

and Probation Sentence dated November 15, 2013, and then an Amended Judgment Conviction and Probation Sentence dated December 5, 2013 (**Amended Judgment**), on one count of Terroristic Threatening in the First Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-716(1)(b) (Supp. 2013).[3]  Stroeve was sentenced to a five-year term of probation with various general and special terms and conditions of probation.  Upon the State's motion, on May 8, 2015, the Circuit Court filed an Order Revoking Probation and Resentencing Defendant (**First Resentencing Order**) ordering that Stroeve's probation was revoked.  Stroeve was resentenced to another five-year term of probation commencing on October 24, 2014, which included, *inter alia*, all previously-ordered general and special terms and conditions.

On March 11, 2016, the State filed a second motion seeking revocation of Stroeve's probation due to alleged violations of the terms and conditions of probation.  After various hearings, on December 15, 2016, the Circuit Court orally ordered that Stroeve's probation would again be revoked and Stroeve would be subject to, *inter alia*, a new five-year term of probation.  The new written Order Revoking Probation and Resentencing Defendant (**Second Resentencing Order**) was not

---

[3]   HRS § 707-716 then provided, in relevant parts:

> **§ 707-716  Terroristic threatening in the first degree.**  (1)  A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:
> . . . .
> (b)   By threats made in a common scheme against different persons;
> . . . .
> (2)   Terroristic threatening in the first degree is a class C felony.

entered until June 21, 2017. In the meantime, in a separate case, Stroeve was charged with multiple offenses, including one count of Assault Against a Law Enforcement Officer in the First Degree in violation of HRS § 707-712.5(1)(a)-(b) (2014),[4] arising from acts allegedly committed on June 13, 2017. Following Stroeve's plea of no contest to one count of Assault Against a Law Enforcement Officer in the Second Degree in violation of HRS § 707-712.6 (2014),[5] on May 21, 2018, the Circuit Court[6] entered a Judgment Conviction and Sentence against Stroeve (**Officer Assault Conviction**). Stroeve was sentenced to a one-year term of imprisonment in that case.

In this case, on June 7, 2018, the State filed a third motion seeking revocation of Stroeve's probation based on, *inter*

---

[4] The statute provides, in relevant part:

> **§ 707-712.5 Assault against a law enforcement officer in the first degree.** (1) A person commits the offense of assault against a law enforcement officer in the first degree if the person:
> (a) Intentionally or knowingly causes bodily injury to a law enforcement officer who is engaged in the performance of duty; or
> (b) Recklessly or negligently causes, with a dangerous instrument, bodily injury to a law enforcement officer who is engaged in the performance of duty.
> . . . .

[5] The statute provides:

> **§ 707-712.6 Assault against a law enforcement officer in the second degree.** (1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.
> (2) Assault of a law enforcement officer in the second degree is a misdemeanor. The court shall sentence the person who has been convicted of this offense to a definite term of imprisonment, pursuant to section 706-663, of not less than thirty days without possibility of probation or suspension of sentence.

[6] The Honorable Richard T. Bissen, Jr., presided.

3

*alia*, the Officer Assault Conviction.  At the October 22, 2018 hearing on the State's motion, without objection from Stroeve, the Circuit Court took judicial notice of various court records, including the May 21, 2018 Officer Assault Conviction.  Following the presentation of evidence and arguments, the Circuit Court found that Stroeve had inexcusably failed to comply with the terms and conditions of his probation.  On October 25, 2018, the Circuit Court entered the Third Resentencing Order, which revoked Stroeve's probation and resentenced him to, *inter alia*, five years incarceration with credit for time served.

In his Opening Brief, Stroeve identifies the following as points of error on appeal:  (1) his previous resentencing is an illegal sentence; (2) the Circuit Court abused its discretion in resentencing Stroeve; and (3) the affidavit of Stroeve's probation officer, Timothy Stillman (**Stillman**), which was filed on June 5, 2018, contained false statements concerning Stroeve's alleged violations of the terms and conditions of probation.[7]  In a subsequently-filed Memorandum in Support of Opening Brief, Stroeve identifies additional points stemming from the original criminal proceedings, as well as his previous resentencing.  Each of Stroeve's points contain subpoints.

---

[7]     Stroeve's argument appears to be that Stillman submitted a false statement in his affidavit because the terms and conditions of the Second Resentencing Order had not been reviewed with Stroeve because the order had not yet been entered at the time that Stillman signed the affidavit.  This is a valid point.  However, at the October 22, 2018 hearing on the State's third motion for revocation, Stillman clarified under oath that he had not been able to go over the terms and conditions of the Second Resentencing Order with Stroeve because of the delay in the entry of the order and because Stroeve stopped reporting to Stillman prior to Stillman's receipt of the order.  As discussed *infra*, however, the Circuit Court's ruling on the third revocation motion was based on Stroeve's prior receipt and acknowledgment of the Amended Judgment and the First Resentencing Order, which contained the no-other-crime condition, and the Officer Assault Conviction.

However, it appears that a number of Stroeve's assertions and arguments seek to address issues that are not before this court on Stroeve's appeal from the Third Resentencing Order. Stroeve did not appeal from the Amended Judgment, and the time for doing so has long since passed. See Hawai'i Rules of Appellate Procedure Rule 4(b)(1). An order that finally disposes of a post-judgment motion for revocation of probation and re-sentencing terminates the proceedings on that motion and is thus appealable upon the entry of that order. See State v. Nicol, 140 Hawai'i 482, 492, 403 P.3d 259, 269 (2017); State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001); State v. Yamamoto, 79 Hawai'i 511, 514, 904 P.2d 525, 528 (1995). Stroeve did not timely appeal from the Amended Judgment, the First Resentencing Order, or the Second Resentencing Order. Thus, our review is limited to the issues and arguments that are relevant to Stroeve's challenge to the Third Resentencing Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Stroeve's assertions of error as follows:

Stroeve first argues that the Second Resentencing Order constitutes an illegal sentence because the State added an additional condition[8] to the probation without due process notice

---

[8] Stroeve consistently refers to "Po'Ailani," which appears to be Po'ailani Inc. treatment center, a facility treating both substance use disorder and mental illness. See About Us, https://poailani.org/about-us/ (last visited January 7, 2020).
Stroeve repeatedly argues that the State illegally sought to require Stroeve attend Po'ailani, but the Second Resentencing Order does not include this specific requirement, although it does include that "[Stroeve] is
(continued...)

to Stroeve and contrary to the oral ruling of the Circuit Court at its December 15, 2016 hearing. Stroeve does not provide a transcript of the December 15, 2016 hearing, and the Circuit Court's minutes state only that "[the State] informed the court that when [Stroeve] completes the program [the State] will then terminate probation and [the State] also asked for a 90 day time limit to have [Stroeve] enter into treatment. [The Circuit Court] revoked and resentenced [Stroeve] to five (5) years probat[ion] and one (1) year jail[.]" Therefore, even if this issue was reviewable on this appeal from the Third Resentencing Order, the record is inadequate to consider Stroeve's argument that the Second Resentencing Order added terms and conditions contrary to the Circuit Court's oral determination at the December 15, 2016 hearing because Stroeve has not provided a record of the Circuit Court's oral ruling. State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000).

Stroeve further argues that the Second Resentencing Order was invalid because: (1) "[the State[9]] failed to obtain Stroeve's signature and provide him a copy of the terms and conditions of his probation . . . as required by Hawaii State law[;]" (2) Stroeve was never given a copy of the terms and conditions of his probation by Stroeve's probation officer,

_____

(...continued)
subject to early release upon acceptance and entry into a drug rehabilitation program approved by his probation officer[.]"

[9]    Stroeve makes frequent reference to Deputy Prosecuting Attorney Emlyn H. Higa (**DPA Higa**), as the actor in a number of actions taken by or on behalf of the State and/or the Circuit Court; for clarity, either State or Circuit Court will be referenced as appropriate.

Stillman; (3) the Second Resentencing Order's conditions were not in effect until the Circuit Court filed the Order six months after the hearing; and (4) Stroeve was arrested on June 13, 2017, which was before the Second Resentencing Order with the terms of Stroeve's probation was filed. The gravamen of Stroeve's argument is that he was not properly found to have inexcusably violated his probation because the written Second Resentencing Order was not yet entered at the time of the incident underlying this Officer Assault Conviction and that he did not have notice of and sign off on the probation condition that led to the Third Resentencing Order.

Stroeve relies on State v. Lee, 10 Haw. App. 192, 862 P.2d 295 (1993), for the proposition that probation may not be revoked for failure to comply with terms and conditions of probation, unless the probationer has been provided with a written statement of the exact terms and conditions of his probation.

HRS § 706-624 (2014) provides in pertinent part:

> § 706-624 Conditions of probation. (1) Mandatory conditions. The court shall provide, as an explicit condition of a sentence of probation:
> (a) That the defendant not commit another federal or state crime . . . ;
> . . . .
> (3) Written statement of conditions. The court shall order the defendant at the time of sentencing to sign a written acknowledgment of receipt of conditions of probation. The defendant shall be given a written copy of any requirements imposed pursuant to this section, stated with sufficient specificity to enable the defendant to comply with the conditions accordingly.

This court recognizes that a defendant's probation may not be revoked for his failure to comply with a condition of probation if he or she was not provided with written notice of

7

that condition, as required by HRS § 706-624(3). Lee, 10 Haw. App. at 192, 862 P.2d at 295-96.

In Lee, the trial court revoked the defendant's probation after the defendant made unauthorized contact with a specific individual without advance permission, contrary to a special condition in the defendant's probation. Id. at 195-96, 862 P.2d at 297. The trial court had earlier clarified which specific individuals the defendant was prohibited from contacting without advance permission; such individuals were identified to the defendant orally at a hearing, and were later specified in the court's subsequently-filed order, but the defendant was never provided with a written copy of the filed order. Id. at 193-95, 862 P.2d at 296-97. This court rejected the State's argument in Lee that, because the defendant received actual notice of the special condition's terms orally at the hearing,[10] the trial court was authorized to revoke Lee's probation even without Lee having received the written copy of the special condition's terms. Id. at 197, 862 P.2d at 297. This court relied on the language of HRS § 707-624(3), as well as its legislative history, stating that the statute required a defendant to receive a written copy of the terms and conditions to serve as "notice of what is expected of him in a form which will not escape his memory." Id. at 198, 862 P.2d at 298.

The Hawaiʻi Supreme Court applied this court's holding in Lee to a case involving a trial court revoking the Deferred

---

[10]     In addition, Lee's defense counsel had received the written order.

8

Acceptance of Guilty Plea (**DAGP**). State v. Shannon, 118 Hawai'i 15, 17, 185 P.3d 200, 202 (2008) (**Shannon II**). In Shannon II, there was no dispute that the defendant was not given a written copy of his conditions for the DAGP, which included that he "remain arrest and conviction free" for the term of his DAGP. Id. Following Shannon's subsequent arrest, the trial court granted the State's motion to revoke Shannon's DAGP at a proof of compliance hearing. Id. at 17-18, 185 P.3d at 202-03. This court vacated the order revoking the DAGP, State v. Shannon, 116 Hawai'i 38, 40, 169 P.3d 990, 992 (App. 2007) (**Shannon I**), and the supreme court affirmed. Shannon II, 118 Hawai'i at 33, 185 P.3d at 218. In addition to analyzing this court's holding in Lee on HRS § 706-624(3) and its application to Shannon's DAGP, the supreme court also emphasized that the word "shall" in the statute is mandatory and requires "that defendants be given written copies of their conditions." Shannon II, 118 Hawai'i at 24-26, 185 P.3d at 209-11.

It is undisputed that Stroeve did not receive a copy of the Second Resentencing Order until June 12, 2018, which is well-after June 13, 2017, when he committed the acts leading to the May 21, 2018 Officer Assault Conviction and the subsequent revocation of his probation. However, the facts here are nevertheless distinguishable from the facts in Lee or in Shannon II.

Here, the Circuit Court revoked Stroeve's probation on a third resentencing motion - for violating a mandatory general condition of probation that Stroeve not commit any federal or

state crime – where there is no dispute that Stroeve received a written copy of this condition of probation when he was first sentenced to probation, as well as when the First Resentencing Order was issued. Stroeve signed a copy of the Amended Judgment, on the page on which this condition appears. Stroeve also signed a copy of the First Resentencing Order, on the page specifying that all previously-ordered conditions remained in effect. This is unlike the defendant in Lee whom that court found to have violated a special condition that clarified, in detail, those certain individuals that Lee was not to contact without prior permission. That special condition which, was not previously provided to the Lee defendant in writing, was a result of conflicting previous oral and written orders, which caused that the court provide specificity for the condition. Lee, 10 Haw. App. at 193, 862 P.2d at 296. Here, the order that Stroeve did not receive prior to the Officer Assault Conviction incident was a *second* order resentencing, and there is no dispute that Stroeve received the initial sentence and first resentencing order, while the Shannon II defendant had not received the first written terms of his DAGP.

The statutorily-mandated condition that Stroeve not commit a federal or state crime was in effect at all relevant times, and Stroeve was provided with written notice of this condition. Thus, we conclude that Stroeve's argument that he did not have proper notice of this condition before the Officer Assault Conviction incident is without merit.

Accordingly, the Circuit Court's Third Amended Sentencing Order is affirmed.

DATED: Honolulu, Hawai'i, February 10, 2020.

On the briefs:

Eric M. Stroeve,
Defendant-Appellant, *pro se.*

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge